IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRETT ALAN SHEARD,                :
                                  :
    Plaintiff                     :
                                  :  CIVIL NO. 1:CV-15-0612
    vs.                           :
                                  :  (Judge Caldwell)
COMMONWEALTH OF                   :
PENNSYLVANIA, *et al.*,           :
                                  :
    Defendants                    :

*M E M O R A N D U M*

I.    *Introduction*

    The pro se plaintiff, Brett Alan Sheard, an inmate at the state correctional institution in Benner Township, Pennsylvania, filed this civil-rights action pursuant to 42 U.S.C. § 1983.  In his Complaint, Sheard alleges that he was improperly convicted due to the unconstitutional actions of the named defendants.  As relief he seeks monetary damages and release from incarceration.  Named as defendants are the Commonwealth of Pennsylvania; Judge Raymond L. Hamill of the Wayne County Court of Common Pleas; Wayne County Assistant District Attorney (ADA) Patrick Leland Robinson; and Pennsylvania State Police Trooper Sharon Palmer-Wilkins.

    Plaintiff seeks permission to proceed *in forma pauperis.*  The Complaint is before the court for preliminary screening pursuant to 28 U.S.C. § 1915 and 28 U.S.C. § 1915(e)(2)(B).

III.   *Standard of Review*

A federal court may dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A if "the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). "The legal standard for dismissing a complaint for failure to state a claim under § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to a motion filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *See Davis v. Samuels*, No. 14-4162, 2015 WL 1412097, *2 (3d Cir. 2015)(citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

"The test in reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6) is whether, under any 'plausible' reading of the pleadings, the plaintiff would be entitled to relief." *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764 (3d Cir. 2013)(citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)(quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)).

A complaint filed by a pro se plaintiff must be liberally construed and "held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Fantone v. Latini*, 780 F.3d 184 (3d Cir. 2015)(citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)); *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct.

2197, 2200, 167 L.Ed.2d 1081 (2007).  Nonetheless, the complaint still "must contain allegations permitting 'the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Jackson v. Div. of Developmental Disabilities*, 394 F. App'x 950, 951 n.3 (3d Cir. 2010)(per curiam) (nonprecedential)(quoted case omitted).  Pro se litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile.  *See Estate of Lagano v. Bergen Cnty. Prosecutor's Office*, 769 F.3d 850, 861 (3d Cir. 2014).

II.  *Background*

Plaintiff alleges the following.  First, he was not timely indicted.  Trooper Palmer-Wilkins failed to file a criminal complaint on May 29, 2008, (apparently the date of arrest) and waited until March 5, 2009, to do so.[1]  (Doc. 1, Compl., ECF pp. 2-3).  The Commonwealth of Pennsylvania, through the actions of ADA Robinson, also failed to indict him within thirty days of his arrest.  (*Id.*, ECF p. 3).  ADA Robinson "never submitted the arrest warrant until" March 4, 2009.  (*Id.*)  Additionally, ADA Robinson "sent [Sheard] a copy of someone eles's (sic) case which has the same case number as mine."

---

[1] The court takes judicial notice of the docket sheet in *Commonwealth v. Sheard*, No. CP-64-CR-130-2009 (Pa. Ct. Com. Pl. Wayne Cnty.), available through Pennsylvania's Unified Judicial Docket System docket research at: http://ujsportal.pacourts.us/.  A cursory review of the docket reveals that Sheard was charged with thirty-one sex offenses involving a juvenile. Following a guilty plea to some of the charges, the others were dropped.  On March 4, 2010, Sheard was sentenced to fourteen to twenty-eight years of imprisonment.  In May 2011, Sheard filed a petition for postconviction collateral relief.  On November 6, 2013, the petition was dismissed by the court as being untimely filed.  On November 12, 2014, the Superior Court of Pennsylvania affirmed the dismissal of Sheard's PCRA petition.  *See Commonwealth v. Sheard*, 3366 EDA 2013 ( Pa. Super. Ct.) (docket sheet), available through Pennsylvania's Unified Judicial Docket System docket research at: http://ujsportal.pacourts.us/.

Sheard avers that Judge Hamill "failed to rule on the facts of the case to which [he] was arrested on 5/29/08 and never charged until (sic) 3/5/09." (*Id.*) Finally, he claims Trooper Palmer-Wilkins "lied on the offense dates on Charges A through L which are different from M through X and Y and AE. A through L are 4/1/05 and M through AE are 5/29/08." (*Id.*, ECF p. 6).

As relief Sheard seeks to be released from prison and have his criminal record expunged. He also seeks monetary damages and wishes"[c]harges filed for wrongful imprisonment." (*Id.*)

IV.   *Discussion*

A.  Heck *Bars the Civil-Rights Action*

In *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court ruled that a section 1983 claim for damages arising from a criminal conviction does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87, 114 S.Ct. at 2372 (footnote omitted). *Heck* has been extended to claims for relief other than damages. It bars injunctive relief, *Hess v. Chronister*, 247 F. App'x 377, 380 (3d Cir. 2007) (nonprecedential), as well as declaratory relief. *Edwards v. Balisok*, 520 U.S. 641, 648, 117 S.Ct. 1584, 1589, 137 L.Ed.2d 906 (1997).

It follows that under *Heck* Plaintiff's section 1983 challenge to his conviction seeking damages and injunctive relief fails. We will therefore dismiss the civil-rights claims. We will not permit amendment because it would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002).

### B. *Habeas Relief*

Sheard requests release from imprisonment. We cannot grant that relief in a civil-rights action. Plaintiff must instead seek relief by way of a petition under 28 U.S.C. § 2254. *See Walke v. Cullen*, 491 F. App'x 273, 276 n.3 (3d Cir. 2012)(nonprecedential). If Plaintiff desires habeas relief, we will permit him to do so by filing in this action a 2254 petition naming the superintendent at SCI-Benner as the respondent and making specific factual allegations supporting any claim that his conviction or sentence is unconstitutional. *See Brown v. City of Philadelphia*, 339 F. App'x 143, 147 (3d Cir. 2009)(nonprecedential)(observing that a district court confronted by a pro se prisoner's request for habeas relief in a civil-rights action should address the request and not force the plaintiff to file a separate action).

An appropriate order follows.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: May 19, 2015