IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRETT ALAN SHEARD, : | |
| : | |
| Plaintiff : | |
| : | CIVIL NO. 1:CV-15-0612 |
| vs. : | |
| : | (Judge Caldwell) |
| COMMONWEALTH OF : | |
| PENNSYLVANIA, *et al.*, : | |
| : | |
| Defendants : | |

*M E M O R A N D U M*

I.  *Introduction*

On May 19, 2015, the court screened Sheard's combined civil-rights and habeas action. (Doc. 10). The civil-rights portion of his filing was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). (*Id.*) He was given twenty-one days to file a habeas petition under 28 U.S.C. § 2254 in this case and cautioned that his failure to file a timely petition would result in the dismissal of the action. (*Id.*) The court dismissed the action on June 18, 2015, after Sheard failed to file a habeas petition. (Doc. 11).

Presently before the court is Sheard's Motion for Reconsideration of our dismissal of his action. (Doc. 12, Mot. for Reconsideration). For the reasons that follow the motion will be denied.

II.   *Standard of Review*

Fed. R. Civ. P. 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). A motion for reconsideration under Rule 59(e) is used "'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)(quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). A party moving to alter or amend a judgment pursuant to Rule 59(e) faces a difficult burden. The applicant for reconsideration must show "at least one of the following grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Schumann v. Astrazeneca Pharm.*, L.P., 769 F.3d 837, 848 (3d Cir. 2014) (quoting *Max's Seafood Café*, 176 F.3d at 677).

III.   *Discussion*

In our May 19, 2015, order, Sheard was given twenty-one days, or until June 9, 2015, to file a habeas petition. *See* Doc. 10; *see also* Fed. R. Civ. P. 6(a)(1). In his motion for reconsideration, Sheard argues he placed his habeas corpus petition in the hands of prison officials to be mailed on June 13, 2015.[1] He claims prison officials'

---

[1] Sheard is a prisoner, incarcerated at SCI-Benner Township, so his habeas petition is deemed to be filed upon its presentation to prison authorities for mailing rather than its receipt by the court. *See Houston v. Lack*, 487 U.S. 266, 270 - 71, 108 S.Ct. 2379, 2382 - 83, 101 L.Ed.2d 245 (1988) (holding that a filing by a prisoner be deemed timely as of the date it is handed to prison officials for delivery).

untimely mailing of his petition resulted in the dismissal of this action. Sheard's argument is not persuasive.

First, even if Sheard gave his petition to prison officials on June 13, 2015, for mailing, the date does not comply with the court's order of May 19, 2015, irrespective of when prison officials actually mailed the petition, as the deadline for filing the petition had expired before that date, regardless of when it was received by the court. Second, Sheard recently filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 that was given a new docket number. *See Sheard v. Ferguson*, 1:15-1222 (M.D. Pa.). That habeas petition covers the same 2010 criminal conviction that would have been litigated in the current action. Sheard's litigation rights are thus not affected by our refusal to grant his motion for reconsideration and reopen this case.

Because Sheard identifies no newly discovered evidence or manifest errors of law or fact within our dismissal order, his motion for reconsideration will be denied.

An appropriate order follows.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: July 16, 2015